IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:16-cr-00303-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| JOSE ANTONIO MEJIA, JR., | |
| Defendant. | |

HERNÁNDEZ, Senior District Judge:

Defendant Jose Antonio Mejia, Jr., moves for the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821. Def. Mot. Sent. Reduction 1, ECF 58. In his motion, Defendant also requests that the Court appoint counsel to assist with his motion for sentence reduction. *Id.* at 2. The Government opposes Defendant's motion. Gov't Resp., ECF 60. For the reasons that follow, the Court denies Defendant's motion.

1 –ORDER

## BACKGROUND

On April 19, 2017, Defendant pleaded guilty to Transportation with Intent to Engage in Illicit Sexual Conduct under 18 U.S.C. § 2423(a). Plea Pet., ECF 33. Defendant's Guidelines range was 324 to 305 months with a total offense level of 37 and a Criminal History Category of V. Statement of Reasons 1, ECF 45; Presentence Investigation Report ("PSR") 1, ECF 37. Defendant received nine criminal history points and two status points, for a total criminal history score of eleven. PSR ¶¶ 51-53. On October 24, 2017, Defendant was sentenced to a term of imprisonment for 180 months and a lifetime term of supervision. J., ECF 44

## STANDARDS

Under 18 U.S.C. § 3582(c)(2),

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*, 560 U.S. 817, 828 (2010). The exception, however, is limited; it "does not authorize a resentencing." *Id.* at 831. Rather, "it permits a sentence reduction within the narrow bounds established by the Commission." *Id.*

In deciding whether to reduce a sentence based on a retroactive amendment to the U.S. Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the

2 –ORDER

reduction authorized by the amendment, and then consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Id*. at 826.

## DISCUSSION

### I. Motion for Appointment of Counsel

Defendant asks that the Court appoint counsel to assist him with this motion. "[T]here is no Sixth Amendment right to counsel for a § 3582(c) motion." *United States v. Joseph*, No. 21-10359, 2022 WL 3644875, at *1 (9th Cir. Aug. 24, 2022) (citation omitted). Rather, "the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court." *United States v. Alberg*, No. 1:18-CR-00342-BLW, 2023 WL 7164563, at *1 (D. Idaho Oct. 30, 2023) (citing *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005)). The Court exercises such discretion only in "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To evaluate whether exceptional circumstances exist, the Court evaluates "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983). Here, evaluating the relevant factors, the Court declines to appoint Defendant counsel for purposes of his motion to reduce his sentence. Defendant has not demonstrated a high likelihood of success on the merits, the issues do not appear overly complex, and Defendant's motion indicates that he is able to sufficiently articulate his claim.

### II. Motion to Reduce Sentence

Defendant seeks a reduction of his sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines. Part A of Amendment 821 decreased the number of "status points" received under U.S.S.G. § 4A1.1 by defendants who commit their offense while under a criminal

3 –ORDER

justice sentence. U.S.S.G. § 4A1.1. It omits the one of two points defendants previously received for committing an offense while under any criminal justice sentence where that defendant otherwise has seven or more criminal history points. U.S.S.G. § 4A1.1(e). Part B of Amendment 821 created a new provision that provides a two-offense-level reduction for certain offenders who present zero criminal history points and are not otherwise disqualified from the reduction. U.S.S.G. § 4C1.1(a). Amendment 821 went into effect November 1, 2023, and applies retroactively so long as the effective date of any order reducing an offender's sentence was February 1, 2024, or later. U.S.S.G. § 1B1.10(d), (e)(2).

Turning first to Defendant's status points argument, the Government agrees that Defendant would receive one—instead of two—status points under Amendment 821. Gov't Resp. 4. But a reduction in Defendant's sentence is not warranted because the Amendment fails to lower Defendant's Guidelines range. "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . . [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Spears*, 824 F.3d 908, 915–16 (9th Cir. 2016) (holding it would be inconsistent with the applicable policy statements issued by the sentencing commission to reduce a defendant's sentence where the amendment did not have the effect of lowering the defendant's Guidelines range). Here, Defendant received nine criminal history points based on six scored convictions, *see* PSR ¶¶ 43-51, and two status points because he was on probation at the time of the offense, PSR ¶ 52. With eleven total points, he was in criminal history category V. Applying Amendment 821, Defendant receives only one status point for a total criminal history score of ten instead of eleven. But a criminal history score of ten still places Defendant in criminal history category V.

4 –ORDER

*See* U.S.S.G. Chapter 5, Part A. Because Defendant's criminal history category has not changed with the application of Amendment 821, his Guidelines range remains the same and a reduction in Defendant's sentence is not authorized under 18 U.S.C. § 3582(c)(2).

Defendant also refers to the "zero-point offenders" provision of Amendment 821 in his motion. However, Defendant was not a zero-point offender at the time of his sentence. *See* PSR ¶¶ 43-51. Therefore, Defendant is also not entitled to a reduction under part B of Amendment 821. The Court therefore denies Defendant's Motion.

## CONCLUSION

The Court DENIES Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [58].

IT IS SO ORDERED.

DATED: March 28, 2025.

MARCO A. HERNÁNDEZ
United States District Judge

5 –ORDER